UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALBERT FELDER,

                              Petitioner,

     v.                                               1:06-cv-0048

UNITED STATES OF AMERICA,

                              Respondent.
  .

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Petitioner Albert Felder moves for relief pursuant to 28 U.S.C. § 2255 claiming that he was sentenced based on a quantity of drugs that was improperly imputed to him and that was not found by a jury beyond a reasonable doubt.

On September 8, 1999, Felder pleaded guilty to being a part of a continuing criminal enterprise. Felder did not appeal the judgment of conviction. On January 13, 2006, Felder field the instant petition claiming that he was sentenced based on an improper amount of drugs. Among other things, Felder contends that, if the matter was to proceed to trial, Julie Gray was going to testify that certain drugs and drug quantities were attributable to him. Felder states that he now has new evidence that Julie Gray denies stating that the drugs belong to Felder.

As an initial matter, Felder's motion is untimely. Pursuant to 28 U.S.C. § 2255, motions must be filed within one year of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

None of these provisions apply here. The instant motion was filed more than one year after the judgment of conviction became final. Petitioner makes no allegation that the government impeded his ability to make the instant motion. Although Petitioner purports to proceed pursuant to United States v. Booker, 543 U.S. 220 (2005), that case has not been made retroactively applicable to cases on collateral review. Guzman v. U.S., 404 F.3d 139 (2d Cir. 2005).

Lastly, Petitioner claims that he discovered evidence in 2005 that Julie Gray did not attribute certain drugs to him. "Subsection (4) 'does not require the maximum feasible diligence, only "due," or reasonable, diligence.'" LoCascio v. U.S., 395 F.3d 51, 55 (2d Cir. 2005) (quoting Wims v. United States, 225 F.3d 186, 190 n. 4 (2d Cir. 2000)). Here,

however, Petitioner fails to substantiate his claim that this evidence was not reasonably discoverable long before he filed the instant motion.  Petitioner admits that he was aware by the time of sentencing that the government intended to rely upon Julie Gray, at least in part, with respect to the quantity of drugs to be attributed to Petitioner.  <u>See</u> Pet. at 4.  Moreover, Gray is mentioned in the Presentence Investigation Report as an individual involved in the drug operation.  Thus, Petitioner had ample reason to investigate Gray and any statements she allegedly made connecting Petitioner to certain drugs.  Although Petitioner argues that the government bribed Gray to make false statements against him, these allegations are entirely unsubstantiated and conclusory.  Further, Petitioner does not explain why he could not have discovered these facts at a much earlier time or what caused him to learn of these new facts in 2005.  There is little reason to believe that Felder could not have investigated the facts concerning Gray's claims at or before sentencing or otherwise long before he filed the instant motion.

Furthermore, subject to certain exceptions not applicable here, <u>see</u> <u>Massaro v. United States</u>, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003), claims not raised on direct review are procedurally forfeited and may not be raised in a motion under § 2255 unless the petitioner can demonstrate "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence."  <u>Rosario v. United States</u>, 164 F.3d 729, 732 (2d Cir. 1998).  Plaintiff has failed to make the requisite showing and, in fact, has not even attempted to do so.

For the foregoing reasons, the motion under § 2255 is DENIED.

IT IS SO ORDERED.

Dated: July 29, 2006

- 3 -

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge